## STATE v. WOODDELL et al.

Court of Quarter Sessions.   Kent.   December, 1797.

*Clayton's Notebook, 6.*

*Miller,* for the defendants, objected because neither her person nor her property was violated by the defendants.   She cannot be admitted under the Act, February 3, 1787, unless such violation had taken place.   No decision of this court has yet gone this length.

*Ridgely, contra,* insisted the case was within the Act [of] Assembly, 1787.   It is like *State v. Bender.   Ex necessitate rei* the witness ought to be admitted, for were the child who had been injured before the Court, it could not be sworn for want of discretion.   If the witness be not admitted, one of the boasted maxims of the law will be counteracted "that there is a remedy for every grievance."

The Court differed in opinion and so could not decide.   Then *Ridgely* insisted the witness should be sworn, as there had been no decision against it.   He cited *Hooper's Lessee v. Williams* in Sussex, and the *State v. Smith and Wootton* in Kent, where the Court had decided that unless a witness was rejected by a majority of the Court, he was of course to be sworn.

*Miller* cited the case of [————] [1] lately determined in New Castle County, where a contrary decision was given, and also 1 Str. 68, *Jones v. White.*

The Court admitted the witness, alleging that the case in 1 Str. 68 regarded written evidence, between which and parol evidence, they said, there was a great difference.   Every witness

---

[1] Blank in manuscript.

is *prima facie* competent, and if an objection made to him do not succeed, he is of course to be sworn, 3 Bl.Comm. 369, Co.Litt. 6b, Esp.N.P. 703 (Evidence 1), 3 Term 29, 1 Term 164. *Post 47,* same question raised, not decided. 1 Str. 343.

Witness admitted.

### [NOTE.]

See Phill.Ev. 371, case of seven bishops for a libel. Question was whether this paper was admissible. Court divided, and so it was rejected; and so is Macnal.Ev.

The Act of 1787, from its language, seems to have contemplated only Negroes manumitted and their issue; yet before the Act [of] February 1, 1799, it seems to have been always held that no Negro (slave or not) could give evidence against a white person. This was doubtless a statutory construction, though Chief Justice McKean in 4 Dall. 145 n. (1) says it is a settled point at common law that a slave could not be a witness, because slavery is at least equal to duress, and because it generally induces a defect of religious principle.

Suppose a Negro born free offered as a witness,—in the last *Case of Wooddell et al.* she had been manumitted about twenty-one years before by Joseph Knock—the equities of the Act would render him competent, though neither "manumitted in pursuance of it" nor "the issue of" etc.

*Semble,* a slave is not a good witness against a slave, in principle,—certainly in all criminal cases, by 3 Del.Laws 81.

2 Del.Laws 887 does not prohibit free Negroes or "slaves manumitted" etc. to testify against any black person, only "shall not give evidence against any white person."

3 Del.Laws 81 (1799):

(1.) Extends only to criminal prosecutions.[2]

(2.) And only to free Negroes.

---

[2] Footnote by Clayton, "Now suppose a civil case between two whites and witness is a free Negro. Then under Act 1787, if other whites were present he is not competent, case of *Collins v. Hall, ante 3.* But suppose no other white present? *Ex necessitate rei.* Question, the Act of 1787 excluded, when literally construed, all free Negroes as well in criminal as in civil cases—but the courts we see have construed it liberally and held that they are good witnesses, *ex necessitate rei* when beaten etc.—why not in civil [cases] too? Answer, they were held good witnesses in criminal cases because by the last clause of Section 8 they had a right to redress etc., *State v. Bender, ante 3, 4.* And they could not have redress unless witnesses; *secus* in civil cases."

(3.) And only where "it shall appear that no competent white was present, or now absent or dead," etc. Question, How "appear"? Merely by non-appearance of white witnesses? Court must presume there was none; otherwise the State or party would have summoned him, or he would have confirmed the Negro's testimony.

(4.) [Negro] is then as competent as a white under same circumstances.

(5.) Provided cannot charge a white as father of a bastard child.

See *post 82*, for cases where testimony has been admitted *ex necessitate rei.*